IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01813-PAB

VIOLETA DUMITRASCU, on behalf of A.M.B.D.,

    Plaintiff-Petitioner,

v.

ALIN DUMITRASCU,

    Defendant-Respondent.

---

## ORDER

---

This matter comes before me on the Motion to Recuse Chief Judge Philip A. Brimmer [Docket No. 90] and Judicial Notice and Request for Status and Administrative Reassignment [Docket No. 105], both filed by defendant-respondent Alin Dumitrascu. Mr. Dumitrascu requests that I be recused from this case, Docket No. 90 at 1, and that, pursuant to 28 U.S.C. § 144, the recusal motion be referred to another judge. Docket No. 105 at 1.

The facts of this case are discussed in an order I issued on September 15, 2021. Docket No. 27 at 1-6. On July 2, 2021, plaintiff-petitioner Violeta Dumitrascu filed a petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction[1] and its implementing law in the United States, the International Child Abduction Remedies Act, 22 U.S.C. § 9001, et seq. Docket No. 1 at 1. The petition

---

[1] Available at http://www.hcch.net/upload/conventions/txt28en.pdf.

alleged that Mr. Dumitrascu had wrongfully retained the minor child of the parties in the United States, *id.* at 1, ¶ 1, and sought the return of the child to Romania – the alleged habitual residence of the child – so that a Romanian court could make a custody determination. *Id.* at 9. On August 25, 2021, I held an evidentiary hearing. Docket No. 26. On September 15, 2021, I issued an order finding that the child's habitual residence was in Romania and that Mr. Dumitrascu had wrongfully retained the child in the United States. Docket No. 27 at 21-32. I therefore granted the petition and ordered Mr. Dumitrascu to return the child to Romania. *Id.* at 33. On September 16, 2021, I entered final judgment and closed the case. Docket No. 28. I also denied Mr. Dumitrascu's motion to stay the order pending appeal. Docket No. 52 at 14-15. On May 16, 2022, the Tenth Circuit affirmed the September 15, 2021 order. *Dumitrascu ex rel. A.M.B.D. v. Dumitrascu*, 2022 WL 1529624, at *5 (10th Cir. May 16, 2022).

On April 7, 2025, Mr. Dumitrascu filed a document with the clerk of the court requesting information about how I was assigned to the case. Docket No. 85. The clerk's office responded to that letter on April 10, 2025. Docket No. 86. Mr. Dumitrascu has submitted twenty-two additional filings. Two of these motions request my recusal. *See* Docket Nos. 90 and 105.

I. ANALYSIS

A. **Motion for Recusal under 28 U.S.C. § 144**

Mr. Dumitrascu requests that the recusal motion be referred to another judge pursuant to 28 U.S.C. § 144. Docket No. 105 at 1. Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

2

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Section 144 requires "an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel." *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). A party that fails to file the required affidavit is not entitled to recusal under 28 U.S.C. § 144. *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990); *United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988); *see also Edmond v. Athlete's Foot Group*, 15 F. App'x 738, 740 n.2 (10th Cir. 2001) (unpublished) ("Section 144 requires the party seeking recusal to file a timely and sufficient affidavit alleging personal bias or prejudice on the part of the judge before whom the matter is pending. Mr. Edmond did not file such an affidavit, and section 144 is therefore not at issue."). Mr. Dumitrascu did not file an affidavit supporting his motion under section 144; instead, he merely attached a copy of the recusal motion that he filed on April 24, 2025. *See* Docket No. 105 at 2. I will therefore deny Mr. Dumitrascu's request to have the recusal motion referred to another judge.

### B. Motion for Recusal Under 28 U.S.C. § 455

I will now consider the merits of Mr. Dumitrascu's recusal request. Mr. Dumitrascu's motion offers seven purported bases for recusal. *See* Docket No. 90 at 1-3. While not referenced in Docket No. 90, I understand Mr. Dumitrascu to make an eighth argument for recusal – that I am biased based on my former professional relationship with an attorney in this case – which I will also address. *See, e.g.*, Docket No. 98-18 at 11-18.

Under 28 U.S.C. § 455, a federal judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party" or "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §§ 455(a)-(b)(1). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal."). Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

Mr. Dumitrascu's first asserted basis for recusal is that "[t]he August 25, 2021 hearing lacked proper audio or video recording. The judge also denied the Respondent's right to appear in person." Docket No. 90 at 2. I find that these assertions do not require my recusal. The August 25, 2021 hearing was conducted virtually due to the Covid-19 pandemic. The attorneys, parties, and witnesses appeared via video-teleconference ("VTC"). Mr. Dumitrascu did not object to the hearing being held via VTC. I find that no reasonable person would harbor doubts about my

4

impartiality based on the fact that, for the reasons discussed above, I held a virtual, rather than in-person, hearing on this matter.

To the extent that Mr. Dumitrascu complains that the hearing should have been audio or video recorded, Mr. Dumitrascu provides no support for that proposition. Pursuant to 28 U.S.C. § 753(b), court proceedings are recorded "verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge." Here, a court reporter recorded the hearing stenographically and prepared a transcript of the hearing. *See* Docket No. 74 at 1. This transcript is publicly available and serves as the official transcript of the hearing. *See* 28 U.S.C. § 753(b) ("The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had. No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record."); Docket No. 74 at 187 (court reporter certifying that "the foregoing is a correct transcript from the record of proceedings"). I find that no reasonable person would harbor doubts about my impartiality based on my following federal law. Moreover, Mr. Dumitrascu does not identify any failure of the VTC equipment that adversely affected the hearing, his ability to participate in the hearing, or the court reporter's ability to transcribe the hearing. Therefore, I reject these arguments as a basis for recusal.

As the second basis for recusal, Mr. Dumitrascu states that "Judge Brimmer allowed emotionally charged and prejudicial statements by Petitioner's counsel,

5

demonstrating favoritism." Docket No. 90 at 2. Mr. Dumitrascu does not identify any specific statements with which he takes issue or explain why the statements made by petitioner's counsel in the Hague Convention hearing were somehow inappropriate. Mr. Dumitrascu also does not explain how I erred in allowing such statements. A party seeking recusal bears a "heavy burden of showing the requisite judicial bias or misconduct," *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005), and "[r]elevant facts must support the moving party's belief that the judge is biased." *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019). Mr. Dumitrascu has not identified any specific facts to support his second argument, and I am not aware of any facts that would support the argument. I therefore reject this basis for recusal.

Mr. Dumitrascu's third basis for recusal is that "[t]he judge blocked essential testimony by revealing falsehoods by the Petitioner regarding the child's citizenship and residence." Docket No. 90 at 2. It is not clear what Mr. Dumitrascu means by this statement. He does not identify the "essential testimony" that I allegedly blocked and he does not demonstrate that petitioner gave false testimony regarding the child's citizenship and residence. I find that this allegation lacks the specificity required for justifying my recusal. *See Burke*, 935 F.3d at 1054.

Mr. Dumitrascu's fourth basis for recusal is that "Respondent was threatened with contempt immediately after the wrongful deportation of his child, under abusive judicial tone." Docket No. 90 at 2. Mr. Dumitrascu again fails to provide any citation to the record. However, I understand this claim to relate to a motions hearing held on October 29, 2021, *see* Docket No. 62, where petitioner argued that Mr. Dumitrascu should be held in civil contempt for failure to comply with my order directing that Mr.

6

Dumitrascu return the minor child to petitioner.  I did not hold Mr. Dumitrascu in contempt, and Mr. Dumitrascu provides no example of a statement I made that a reasonable person would characterize as having an "abusive judicial tone."  Thus, I find that this asserted basis for recusal is insufficient.

Mr. Dumitrascu's fifth basis for recusal is that I "ruled on a motion to stay after the case was closed on September 16, 2021, and used inapplicable case law to prejudice future appeals."  Docket No. 90 at 3.  Mr. Dumitrascu does not provide details in support of this argument.  He appears to take issue with my October 19, 2021 order denying his motion to stay the order to return the minor child to petitioner until the resolution of Mr. Dumitrascu's appeal to the Tenth Circuit Court of Appeals.  *See* Docket No. 52.  As noted above, judicial rulings rarely constitute a basis for recusal.  *Liteky*, 510 U.S. at 555.  The fact that my October 19, 2021 ruling denied Mr. Dumitrascu's motion to stay does not require my recusal.

For his sixth asserted basis for recusal, Mr. Dumitrascu states that "[t]he Court ruled on custody despite the Hague Convention not granting such authority.  The child was a U.S. citizen with a residence in the U.S., under Respondent's legal custody."  Docket No. 90 at 3.  I find that this argument does not merit recusal.  Mr. Dumitrascu does not cite any portion of the record in support of this argument.  Instead, Mr. Dumitrascu mischaracterizes my ruling.  I explained in my order that the scope of the inquiry was limited to determining issues of the child's habitual residence and alleged improper retention in the United States and that "[t]he Court does not consider the merits of the underlying custody battle."  Docket No. 27 at 7.  I did not, as Mr.

Dumitrascu claims, address the issue of custody. I reject this asserted basis for recusal.

Mr. Dumitrascu's seventh asserted basis for recusal is that "[t]he deportation of a U.S. citizen minor to a foreign country violated the child's and father's rights protected under federal law." Docket No. 90 at 3. I find that this argument fails to justify my recusal for the same reasons as the previous argument – Mr. Dumitrascu mischaracterizes my order. I did not "deport" the parties' child. Instead, I found that Romania was the child's place of habitual residence, Docket No. 27 at 21, that the petitioner had made a prima facie showing that the child had been wrongfully retained in the United States, *id.* at 25, and that no exception or defense applied that would prohibit returning the child to Romania. *Id.* at 25-32. I thus ordered that the child be returned to Romania. *Id.* at 33. My order did not violate the child's or Mr. Dumitrascu's rights under federal law; rather, my order was issued pursuant to 22 U.S.C. § 9001(a)(4), which states that children under 16-years-old "who are wrongfully removed or retained within the meaning of the [Hague] Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies." On appeal, the Tenth Circuit rejected Mr. Dumitrascu's claims of error. *Dumitrascu*, 2022 WL 1529624, at *1-5. I therefore reject this asserted basis for recusal. Mr. Dumitrascu's seventh argument provides no basis for recusal.

Other motions filed by Mr. Dumitrascu raise the issue that an attorney for petitioner, Habib Nasrullah, and I both worked at the U.S. Attorney's Office for the District of Colorado in the past and that we prosecuted several criminal cases together. *See, e.g.*, Docket No. 98-18 at 1-18. I will consider this argument despite the fact that it

is not included in the motion seeking recusal. I left the U.S. Attorney's Office in 2008. According to a digital biography of Mr. Nasrullah that Mr. Dumitrascu attached, Docket No. 98-18 at 17, Mr. Nasrullah left the U.S. Attorney's Office in 2008. "A judge's acquaintance with a party, an attorney, or a witness, without some factual allegation of bias or prejudice, is not sufficient to warrant recusal." *Woods v. Ampco Sys. Transportation, Inc.*, No. 05-cv-02040-PSF-OES, 2005 WL 8172100, at *1 (D. Colo. Dec. 5, 2005) (collecting cases). I find that the fact that Mr. Nasrullah and I worked in the same office over seventeen years ago is not the kind of factual allegation of bias or prejudice that would be sufficient to warrant recusal. Mr. Dumitrascu also identifies a 2013 jury trial in *Sipes v. Allstate Indemnity Co.*, No. 11-cv-02369-PAB-KMT (D. Colo.), in which Mr. Nasrullah was an attorney of record for the defendant and I was the presiding judge. *See* Docket No. 98-18 at 1. Mr. Dumitrascu notes that the defendant obtained a jury verdict in its favor and that this result contributes to a pattern of "judicial outcomes that consistently favored Mr. Nasrullah's position." *Id.* at 2. The fact that a jury, considering the facts and applying the law, returned a verdict for one side or the other does not suggest favoritism by me for one of the seven attorneys who tried the case.

Given that I find that none of Mr. Dumitrascu's allegations require my recusal under either 28 U.S.C. § 455(a) or 28 U.S.C. § 455(b)(1), I will deny his motion.

## II. CONCLUSION

It is therefore

**ORDERED** that respondent's Motion to Recuse Chief Judge Philip A. Brimmer [Docket No. 90] is **DENIED**. It is further

**ORDERED** that respondent's Judicial Notice and Request for Status and Administrative Reassignment [Docket No. 105] is **DENIED**.

DATED August 4, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge