IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01813-PAB

VIOLETA DUMITRASCU, on behalf of A.M.B.D.,

    Plaintiff-Petitioner,

v.

ALIN DUMITRASCU,

    Defendant-Respondent.

## ORDER

This matter comes before the Court on the Motion to Refile Exhibits for Inclusion in Record on Appeal [Docket No. 118], filed by defendant-respondent Alin Dumitrascu. Mr. Dumitrascu requests "leave to refile certain evidentiary exhibits in support of previously filed motions . . . in order to ensure that the appellate record is complete and accurate. Docket No. 118 at 1.

The background facts of this case are discussed in the Court's September 15, 2021 order. *See* Docket No. 27 at 1-6. The procedural history is discussed in the Court's August 4, 2025 and August 5, 2025 orders. *See* Docket No. 111 at 1-2; Docket No. 114 at 1-2. Mr. Dumitrascu has appealed both of the Court's August 2025 orders. *See* Docket No. 120 at 1.

Mr. Dumitrascu's motion states that he believes that there are exhibits that he submitted to the Court that "do not appear on the public docket or were designated as 'restricted,' thereby preventing their inclusion in the official record accessible for

appellate review." Docket No. 118 at 1. Mr. Dumitrascu states that these materials are "critical" to his "claims of fraud, misrepresentation, and jurisdictional defects," and asks that the Court "permit refiling of the exhibits listed below to ensure they are part of the official record." *Id.* Mr. Dumitrascu then lists 34 exhibits that he apparently believes are missing. *See id.* at 1-3. Mr. Dumitrascu also attaches to the motion 268 pages of materials, which apparently are the materials he seeks to have refiled with the Court. *See* Docket No. 118-1.

Mr. Dumitrascu cites Federal Rule of Appellate Procedure 10(e)(2) as the basis for asking the Court to refile these exhibits. Docket No. 118 at 3. Federal Rule of Appellate Procedure 10(e)(2) states that:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Fed. R. App. P. 10(e)(2); *see also Johnson v. Spencer*, 950 F.3d 680, 722 (10th Cir. 2020) ("Federal Rule of Appellate Procedure 10(e) allows district courts to supplement the record in certain circumstances.").

The Court finds that supplementation or correction of the record is not appropriate here. The Court understands Mr. Dumitrascu's motion to express two concerns: first, that documents restricted from public view will not be forwarded to the Tenth Circuit and, second, that there are some materials missing from the record entirely. First, insofar as Mr. Dumitrascu is concerned that "restricted" exhibits were not

forwarded to the Tenth Circuit as part of the record, his concern is misplaced. On September 24, 2025, the Clerk of the Court forwarded the record on appeal to the Tenth Circuit. *See* Docket No. 127. That record included both public and restricted filings. *See id.* Second, insofar as Mr. Dumitrascu believes there are documents missing from the record, he has failed to identify sufficiently what those missing records are. From an initial review of the 268 pages of documents attached to Mr. Dumitrascu's motion, it appears that most, if not all, of those documents are already in the record as part of motions and exhibits previously filed by Mr. Dumitrascu. The Court will not, however, perform a page-by-page review of each of the 268 pages in order to confirm that each page appears somewhere among the voluminous materials that Mr. Dumitrascu has filed in this case. *Cf. Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). The Court will therefore deny Mr. Dumitrascu's motion to correct or supplement the record on appeal.

It is therefore

**ORDERED** that defendant-respondent's Motion to Refile Exhibits for Inclusion in Record on Appeal [Docket No. 118] is **DENIED**.

DATED November 5, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge